NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL ANDERSON,<br><br>    Plaintiff,<br><br>v.<br><br>FRANKLIN CREDIT MANAGEMENT CORPORATION, BOSCO CREDIT V TRUST SERIES 2012-1, GOLAB LAW, PLLC, and MARK GOLAB,<br><br>    Defendants. | Civil Action No. 21-18160<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

    This matter comes before the Court by way of cross-motions for summary judgment (ECF Nos. 30–31) filed by Plaintiff Michael Anderson ("Plaintiff") and Defendants Franklin Credit Management Corporation ("Franklin Credit"), Bosco Credit V Trust Series 2012-1 ("Bosco Credit"), Golab Law, PLLC ("Golab Law"), and Mark Golab (together, "Defendants"). The parties have filed moving briefs (ECF No. 30-2 ("Pl. Moving Br."); ECF No. 31-4 ("Def. Moving Br.")), as well as oppositions (ECF No. 35 ("Def. Opp."); ECF No. 34 ("Pl. Opp.")) and replies (ECF No. 36 ("Pl. Reply"); ECF No. 40 ("Def. Reply")). The Court has carefully considered the parties' submissions and decides the matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion for summary judgment is **DENIED** and Defendants' motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**.

1

I.  **BACKGROUND**[1]

On July 28, 2006, Plaintiff obtained two mortgage-secured loans to purchase the residential property located at 77 Lenox Avenue, East Orange, NJ 07018.  Pl. SUMF ¶ 1; Def. SUMF ¶ 1; Pl. CSUMF ¶ 1.  The second loan[2] was evidenced by a note ("Note"), which required Plaintiff to pay a principal of $66,000, with an annual interest rate of 10.75%, monthly installments of $616.10, and a payment schedule of September 2006 through August 2036.  Pl. SUMF ¶ 2; Def. SUMF ¶ 2; Pl. CSUMF ¶ 2; ECF No. 30-4 at 54 §§ 1–3.  Under the Note, Plaintiff was also required to pay a late charge of 5% for any overdue payment, and the lender was permitted to accelerate the principal and interest in the event of a default.  ECF No. 30-4 at 55 § 6.  The Note was ultimately incorporated by reference into the corresponding mortgage ("Mortgage"), which included terms regarding the form and order of payments, as well as the requirement that Plaintiff occupy the property as his primary residence for at least one year.  ECF No. 30-4 at 41 §§ 1–2; *id.* at 44 § 6.  At the time, Plaintiff was the owner of the residential property located at 85 Sunnyside Terrace, East Orange, New Jersey 07018.  Def. SUMF ¶ 11; Def. CSUMF ¶ 33; ECF No. 31-3 at 20–22.

On January 1, 2007, Plaintiff defaulted on his loan payments under the Note.  Pl. SUMF ¶ 3; Def. SUMF ¶ 3; Pl. CSUMF ¶ 3.  Thereafter, Bosco Credit purchased the Note and Franklin Credit began to service the loan.  Pl. SUMF ¶ 6; Def. SUMF ¶ 8; Pl. CSUMF ¶ 6; Def. CSUMF ¶

---

[1] The background is drawn from the parties' statements and counterstatements of material undisputed facts. *See* ECF No. 30-1 ("Pl. SUMF"); ECF No. 31-1 ("Def. SUMF"); ECF No. 34-1 at 2–8 ("Pl. CSUMF"); ECF No. 35-1 at 3–4 ("Def. CSUMF").  The Court treats a material fact as undisputed if it is unaddressed, *see* Fed. R. Civ. P. 56(e)(2), uncontested in the parties' responses to the statements and counterstatements (*see* ECF No. 34-1 at 1–2; ECF No. 35-1 at 1–3; ECF No. 40-1), or supported by "other materials in the record," Fed. R. Civ. P. 56(c)(3).

[2] The first loan is not at issue in this litigation.  Plaintiff failed to satisfy that loan and, accordingly, the property was the subject of a foreclosure action and sold at a sheriff's sale.  Pl. SUMF ¶ 5; Def. SUMF ¶¶ 5–6.

32. Following the default, Plaintiff made no further payments of principal or interest. Pl. SUMF ¶ 4; Def. SUMF ¶ 4.

On October 29, 2020, Mr. Golab, an attorney employed at Golab Law, filed a debt collection action ("State Action") against Plaintiff on behalf of the trustee for Bosco Credit. Pl. SUMF ¶ 7; Def. SUMF ¶ 9; Pl. CSUMF ¶ 7. The complaint summarized the terms of the Note and alleged that Plaintiff defaulted on his loan payments thereunder. Pl. SUMF ¶ 8; Pl. CSUMF ¶ 8. According to the allegations, Plaintiff owed $163,831.15 as of September 28, 2020, as well as interest that accrued after that date. Pl. SUMF ¶ 8; Pl. CSUMF ¶ 8; ECF No. 30-4 at 5 ¶¶ 8, 11. The complaint was signed on behalf of Golab Law, and it indicated that "the whole unpaid principal sum" and "all unpaid interest" were due. ECF No. 30-4 at 5 ¶ 12; *id.* at 7.

On January 14, 2021, default was entered against Plaintiff in the State Action and, on March 31, 2021, the trustee for Bosco Credit applied for a final judgment of default. Pl. SUMF ¶ 9; Def. SUMF ¶¶ 12–13; Pl. CSUMF ¶ 9. As a representative of Golab Law, Mr. Golab signed a certification in support of the application, which requested $163,831.15, as well as $8,878 in interest that accrued at a per-diem rate of $48.25 through March 31, 2021. ECF No. 30-5 at 4–5. Likewise, Franklin Credit representative Christina Randolph-Bey signed a certification of the amount due, which attested that Plaintiff owed $163,831.15 and that "all payments" had accelerated. Pl. SUMF ¶ 10; Pl. CSUMF ¶ 10; ECF No. 30-5 at 7 ¶¶ 6–7; *id.* at 8.

On April 16, 2021, Plaintiff appeared in order to oppose the application for a final judgment of default. Pl. SUMF ¶ 11; Def. SUMF ¶ 14; Pl. CSUMF ¶ 11; Def. CSUMF ¶ 34; ECF No. 30–5 at 19–20. Plaintiff filed a motion to dismiss the complaint as time-barred, or in the alternative, to vacate the default and permit a responsive pleading. Pl. SUMF ¶ 11; Def. SUMF ¶ 14; Pl. CSUMF ¶ 11; Def. CSUMF ¶ 34. In a letter brief, Plaintiff argued that the State Action violated

3

the statute of limitations at N.J.S.A. § 12A:3–118(b), which barred any action to enforce a "'note payable on demand'" if "'neither principal nor interest was paid for a continuous period of ten years.'" ECF No. 30-5 at 27–29 (quoting N.J.S.A. § 12A:3–118(b)). Plaintiff also argued that the $163,831.15 figure was not supported by any calculations and that the $8,878 figure was seemingly inflated because interest was double-counted in the per-diem rate of $48.25. *Id.* at 26. Similarly, Plaintiff's counsel signed a certification attesting to the mathematical problems with the figures in the State Action, even accounting for late charges. *Id.* at 33–34 ¶¶ 3–6. Plaintiff also signed a certification attesting that he was "caused a lot of stress," "lost sleep," "stopped eating properly," "was afraid to answer [his] phone and [his] door," "had other horrible thoughts," and that he "even gave a retainer to a bankruptcy lawyer because [he] thought that was the only way to deal with this [lawsuit]." *Id.* at 23 ¶¶ 3–5.

On May 4, 2021, the trustee for Bosco Credit submitted a letter brief in opposition to the motion to dismiss. *Id.* at 79–86. The letter brief raised two arguments. *Id.* at 79–80. The first argument was that Plaintiff waived any defense based on the statute of limitations. *Id.* at 80. The second argument was that the applicable statute of limitations was N.J.S.A. § 12A:3–118(a), which provided that an action to enforce a "'note payable at a definite time'" must have "'commenced within six years of the due date or dates stated in the note, or if a due date was accelerated, within six years of the accelerated due date.'" *Id.* at 80–82 (quoting N.J.S.A. § 12A:3–118(a)). According to this argument, the Note was payable at a definite time because payments were due in monthly installments through August 2036. *Id.* at 82–83. Additionally, the trustee for Bosco Credit argued that the State Action commenced within six years of the accelerated due date because the optional acceleration clause was exercised on October 29, 2020. *Id.* at 84–86 (citing *Fleet Nat'l Bank v. Lahm,* 86 Conn. App. 403 (App. Div. 2004) and *Cadle Co. v. Prodoti*, 716 A.2d 965 (Conn. Supp.

4

1998)). Mr. Golab signed the letter brief on behalf of Golab Law, as well as a certification attesting to his arguments. *Id.* at 78 ¶¶ 89; *id.* at 86.

On May 14, 2021, the Honorable Robert H. Gardner heard oral argument on the motion to dismiss. *Id.* at 103–12. At the hearing, Ira Metnick appeared as counsel for Plaintiff. Mr. Golab appeared for Golab Law on behalf of the trustee for Bosco Credit. *Id.* at 105. Mr. Metnick contended that the statute of limitations at N.J.S.A. § 12A:3–118(b) barred the State Action because no payments were made for a continuous period of ten years. *Id.* at 106. Mr. Metnick further reiterated that faulty numbers seemed to be included in the application for a final judgment of default. *Id.* at 107. However, Mr. Golab urged Judge Gardner to apply N.J.S.A. § 12A:3–118(a), as that statute of limitations permitted payment obligations to be enforced within six years of their due dates. *Id.* at 108–09. Nevertheless, Mr. Golab conceded that "any payments due prior to 2014" were time-barred because they were "outside of [the] six-year payment window" that preceded the State Action, which commenced in 2020. *Id.* at 109–10; *see also* ECF No. 30-3 at 125–26 (Mr. Golab, during oral argument, explaining "So what I'm saying is . . . plaintiff will concede that it's only permitted to collect back 6 years, 2000 -- whatever the date is in 2014 . . . ."). Ultimately, Judge Gardner issued an order finding that N.J.S.A. § 12A:3–118(b) was the applicable statute of limitations and that Plaintiff made no payments on his debt within the prescribed ten-year window. ECF No. 30-5 at 123–24. Therefore, Judge Gardner granted the motion to dismiss with prejudice. Pl. SUMF ¶ 18; Pl. CSUMF ¶ 19.

On May 25, 2021, the trustee for Bosco Credit filed a notice of appeal to overturn the order granting the motion to dismiss. Pl. SUMF ¶ 19; Pl. CSUMF ¶ 20; ECF No. 30-5 at 114–116. Mr. Golab signed the notice of appeal, but no appellate brief was subsequently submitted. Pl. SUMF

5

¶ 22; Pl. CSUMF ¶ 23; ECF No. 30-5 at 115. Thus, the appeal was dismissed for failure to prosecute on September 8, 2021. Pl. SUMF ¶ 22; Pl. CSUMF ¶ 23.

On October 6, 2021, Plaintiff filed the present action ("Federal Action") against Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA"), fraud, misrepresentation, and malicious prosecution. ECF No. 1. As the basis for his claims of direct liability, Plaintiff alleged that Defendants attempted to collect a debt despite knowing that payments were time-barred. *Id.* ¶¶ 72–130. As the basis for his claim of vicarious liability under the theory of respondeat superior, Plaintiff alleged that Mr. Golab, Golab Law, and Franklin Credit acted within the scope of an agency relationship with Bosco Credit. *Id.* ¶¶ 131–35.

On January 28 and February 2, 2023, Plaintiff and Defendants filed cross-motions for summary judgment (ECF Nos. 30-31), along with briefs in support of their motions (Pl. Moving Br.; Def. Moving Br.). Plaintiff and Defendants submitted oppositions on February 2, 2023 (Def. Opp.; Pl. Opp.), as well as replies on February 27 and June 5, 2023 (Pl. Reply; Def. Reply).

## II.  LEGAL STANDARD

Summary judgment is appropriate if the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers or other materials" demonstrate that there is no genuine dispute as to any material fact, and, construing all evidence and inferences in a light most favorable to the non-moving party, "the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) *see also* Fed. R. Civ. P. 56(a). A factual dispute is genuine if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006).

At summary judgment, "the judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Brooks v. Kyler*, 204 F.3d 102, 105 n.5 (3d Cir. 2000). The moving party bears the burden of identifying evidence to show that there is no genuine issue for trial. *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 145-46 (3d Cir. 2004). Once moving party satisfies this burden, the non-moving party must "counter with specific facts which demonstrate that there [is] a genuine issue for trial." *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). Importantly, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Grp. Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

"The standard by which the court decides a summary judgment motion does not change when the parties file cross-motions." *Clevenger v. First Option Health Plan of N.J.*, 208 F. Supp. 2d 463, 468 (D.N.J. 2002). "When ruling on cross-motions for summary judgment, the court must consider the motions independently . . . and view the evidence on each motion in the light most favorable to the party opposing the motion." *Id.* at 468-69 (citations omitted).

## III. DISCUSSION

Plaintiff argues that the Court should grant summary judgment in his favor because the undisputed material facts establish Defendants' liability for violations of the FDCPA, fraud, misrepresentation, and malicious prosecution, including respondeat superior liability. Defendants argue that the Court should grant summary judgment in their favor because the undisputed material facts do not support Plaintiff's claims of direct or vicarious liability. The Court will "rule on each party's motion on an individual and separate basis." *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 402 (3d Cir. 2016).

### 1. Defendants' Motion for Summary Judgment

As a preliminary matter, the parties disagree as to whether the Federal Action is precluded by the State Action under the entire controversy doctrine or res judicata. Def. Moving Br. at 11–17; Pl. Opp. at 6–11; Def. Reply at 6–10. The Court evaluates these procedural disagreements at the threshold, before turning to the parties' substantive disagreements.

#### a. The Entire Controversy Doctrine

The entire controversy doctrine is a New Jersey rule, which "requires that a person assert in one action all related claims against a particular adversary or be precluded from bringing a second action based on the omitted claims against that party." *In re Mullarkey*, 536 F.3d 215, 229 (3d Cir. 2008) (citations omitted). To determine whether the entire controversy doctrine precludes an action, "the central consideration is whether the claims against the different parties arise from related facts or the same transaction." *DiTrolio v. Antiles*, 662 A.2d 494, 502 (N.J. 1995).

Here, the State Action does not preclude the Federal Action because the claims in each suit do not arise from related facts. Although both suits concern the same debt, the claims do not arise from the same transaction because the State Action was an effort to collect the debt from Plaintiff, whereas the Federal Action is an effort to find Defendants liable for their attempt to collect the debt despite knowing that payments were time-barred. The entire controversy doctrine does not apply in the face of such differences. *See Jackson v. Midland Funding LLC*, 468 F. App'x 123 (3d Cir. 2012).[3] Additionally, even if both suits were considered to arise out of the same transactional facts, the New Jersey Supreme Court has held that the entire controversy doctrine does not preclude

---

[3] In *Jackson*, the plaintiff sued the defendant in federal court over its attempt to collect a time-barred debt in state court, and the Third Circuit held that the entire controversy doctrine did not apply because "different operative facts underlie the federal court action and the state court action." 468 F. App'x at 125–26 (3d Cir. 2012).

a second action if the first action was dismissed on a dispositive motion prior to any responsive pleading. *See Bank Leumi USA, v. Kloss*, 233 A.3d 536, 543 (N.J. 2020) ("In conclusion, we . . . determine that a party who files a successful motion to dismiss for failure to state a claim is not precluded by the entire controversy doctrine from asserting claims in a later suit that arise from the same transactional facts."). Therefore, preclusion is unwarranted on the basis of the entire controversy doctrine.

### b. Res Judicata

Res judicata is the rule that "a final judgment on the merits of an action involving the same parties (or their privies) bars a subsequent suit based on the same cause of action." *E. Minerals & Chemicals Co. v. Mahan*, 225 F.3d 330, 336 (3d Cir. 2000). To determine whether a subsequent suit is based on the same cause of action, a court considers "(1) whether the acts complained of and the demand for relief are the same; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same; and (4) whether the material facts alleged are the same." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014) (citations omitted) (cleaned up).

Here, the Federal Action is not barred by the State Action because the suits are not based on the same cause of action. Although dismissal on statute-of-limitations grounds is considered a final judgment on the merits, *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 173 (3d Cir. 2009), and representatives such as trustees are considered privies of parties, *E.E.O.C. v. U.S. Steel Corp.*, 921 F.2d 489, 493 (3d Cir. 1990), the acts complained of, the demand for relief, and the theory for recovery are different in the Federal Action and the State Action. Moreover, at least some witnesses, documents, and material facts are likely to differ between the suits. For example, the determination that a debt violates a statute of limitations does not depend on a state of mind,

9

whereas fraud, misrepresentation, and malicious prosecution involve scienter. Therefore, preclusion is unwarranted on the basis of res judicata.

Since Defendants present only the above arguments with respect to violations of the FDCPA, Defendant's motion for summary judgment is **DENIED** as to Count One. The Court addresses Counts Two, Three, Four, and Five below.

### c. Fraud and Misrepresentation (Counts Two and Three)

Under New Jersey law, common-law fraud involves five elements: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages." *Allstate New Jersey Ins. Co. v. Lajara*, 117 A.3d 1221, 1231 (N.J. 2015) (citations omitted). The same legal standard governs fraudulent misrepresentation under New Jersey law. *See Richie & Pat Bonvie Stables, Inc. v. Irving*, 796 A.2d 899, 906 (N.J. Super. Ct. App. Div. 2002).[4] The parties disagree as to whether each element of this legal standard has been satisfied. Def. Moving Br. at 18; Pl. Opp. at 11–15; Def. Reply at 10–16.[5]

The Court finds that there is no genuine issue for trial with respect to fraud or misrepresentation. Although triable issues remain regarding knowledge, *see infra* at 15–16, the other elements of the relevant legal standard have not been satisfied. As an initial matter, there is no indication that false statements contained in court filings constitute factual misrepresentations

---

[4] In his complaint, Plaintiff refers to count three as malicious misrepresentation (ECF No. 1 at 19), but in his opposition brief, Plaintiff clarifies that the cause of action is fraudulent misrepresentation, with malice as a consideration relevant to punitive damages (*see* Pl. Opp. at 15–16).

[5] Defendants also contend that Plaintiff's claims cannot proceed because his allegations of fraud do not contain the requisite level of detail and his allegations of misrepresentation are incoherent and implausible. Def. Moving Br. at 17–19. These contentions concern the adequacy of the pleadings and are better suited for a motion to dismiss. *See* Fed. R. Civ. P. 12(b)(6), 9(b).

that can serve as a basis for claims sounding in fraud. But even if such statements constitute factual misrepresentations, reliance thereon is neither intended nor reasonable, as court filings are not directed to the parties. Relatedly, to the extent Plaintiff expended litigation resources in the State Action or the Federal Action, these damages resulted because Plaintiff wished to defend himself against Defendants' assertions, not because of his reliance on the truth of any factual representations. Though Plaintiff asserts that he suffered mental anguish and engaged a bankruptcy professional because of the statements contained in the court filings, no cause of action can be sustained absent evidence that these damages resulted from intended and reasonable reliance on a factual misrepresentation.

Accordingly, Defendant's motion for summary judgment is **GRANTED** as to Counts Two and Three.

### d. Malicious Prosecution (Count Four)

Under New Jersey law, malicious prosecution involves four elements: "the original suit (1) was instituted without reasonable or probable cause; (2) was motivated by malice; (3) terminated favorably to the plaintiff in the malicious prosecution action; and (4) resulted in a special grievance to the plaintiff." *Giri v. Rutgers Cas. Ins. Co.*, 641 A.2d 1112, 1115 (N.J. Super. Ct. App. Div. 1994) (citations omitted). While Defendants agree that the State Action was terminated favorably to Plaintiff, the parties disagree as to whether the probable cause, malice, and special grievance elements have been satisfied. Def. Moving Br. at 19–20; Pl. Opp. at 16–18; Def. Reply at 16–18.

The Court finds that there is no genuine dispute for trial with respect to malicious prosecution because the special grievance element has not been satisfied. Indeed, litigation expenses and mental anguish do not amount to a special grievance, even if Plaintiff entertained bankruptcy because of his distress. *See Turner v. Wong*, 832 A.2d 340, 350 (N.J. Super. Ct. App.

...

Div. 2003); *see also Burgess v. Bennet*, No. 20-7103, 2021 WL 1050313, at *13 (D.N.J. Mar. 19, 2021) ("[I]n order to state a claim for malicious prosecution, Plaintiffs[] must allege more than litigation expenses, wasted time, or other damages incidental to the filing of the lawsuit; they have not done so.").

Accordingly, Defendant's motion for summary judgment is **GRANTED** as to Count Four.

### e. Respondeat Superior (Count Five)

"Under respondeat superior, an employer can be found liable for the negligence of an employee causing injuries to third parties, if, at the time of the occurrence, the employee was acting within the scope of his or her employment." *Carter v. Reynolds*, 815 A.2d 460, 463 (N.J. 2003) (emphasis omitted). Defendants argue that Plaintiff cannot utilize this theory because he has not demonstrated that employment relationships existed. Def. Moving Br. at 20–21. The Court agrees with Defendants, as Plaintiff has not offered any evidence that Mr. Golab, Golab Law, or Franklin Credit were employees of Bosco Credit or Franklin Credit.[6]

Accordingly, Defendant's motion for summary judgment is **GRANTED** as to Count Five.

### 2. Plaintiff's Motion for Summary Judgment

With respect to fraud, misrepresentation, malicious prosecution, and respondeat superior, the parties present the same arguments on Plaintiff's motion for summary judgments as on Defendant's motion for summary judgment. *See* Pl. Moving Br. at 11–17; Def. Opp. at 19–26; Pl. Reply at 10–15. Thus, pursuant to the above discussion, Plaintiff's motion for summary judgment is **DENIED** as to Counts Two, Three, Four, and Five. The Court addresses Count One below.

---

[6] Nonetheless, the Court recognizes that vicarious liability may apply under the FDCPA, so long as the individual or entity to be held vicariously liable qualifies as a debt collector under the FDCPA. *See Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 404–05 (3d Cir. 2000).

### a. Violations of the FDCPA (Count One)

"To prevail on an FDCPA claim, a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a debt as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014) (citations omitted). While the parties agree that Plaintiff is a consumer, the parties disagree as to whether Defendants are debt collectors, whether Plaintiff's debt was covered by the FDCPA definition, and whether Defendant's collection attempt violated the FDCPA. Pl. Moving Br. at 8–11; Def. Opp. at 17–18; Pl. Reply at 9–10.

The Court finds that there is no genuine dispute for trial with respect to whether Plaintiff's debt was covered by the FDCPA definition. Under the FDCPA, a "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). In this district, "'courts have found that the FDCPA does not apply to debts associated with investment properties." *Van Note v. Specialized Loan Servicing, LLC*, No. 21-12022, 2022 WL 2209867, at *3 (D.N.J. June 21, 2022) (quoting *Akinfaderin-Abua v. Dimaiolo*, No. 13-cv-03451, 2014 WL 345690, at *3 (D.N.J. Jan. 30, 2014)). Although Plaintiff was the owner of another residence, there is no indication that the property associated with his debt was an investment. To the contrary, the Mortgage required Plaintiff to occupy the property as his primary residence. Therefore, Plaintiff's debt arose from a transaction that was primarily for personal, family, or household purposes.

However, the Court finds that there is a genuine dispute for trial with respect to whether Defendants are debt collectors. A "debt collector" is "any person who uses any instrumentality of

13

interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). On the present record, it is unclear whether Defendants regularly attempt to collect debts owed to others, or whether debt collection is the principal purpose of Defendants' businesses.[7] According to Plaintiff, Defendants have knowingly filed numerous time-barred debt collection actions in New Jersey. PSUMF ¶¶ 23–25. To support this statement, Plaintiff cites a declaration from Mr. Metnick, as well as an exhibit containing case summaries. *Id.* Defendants, however, contest this statement. ECF No. 35-1 at 3 ¶¶ 23–25. According to Defendants, Plaintiff merely offers legal argument and conclusions, as well as factual assertions that are unsupported by evidence. *Id.* Although the evidence does not include sufficient detail to show that Defendants knowingly filed time-barred actions, the case summaries demonstrate that Bosco Credit, Mr. Golab, and Golab Law were involved in numerous contract suits, *see* ECF No. 30-6 at 7–62, and Mr. Metnick attested that these contract suits concerned debt collection, ECF No. 30–3 at 6 ¶ 24.[8] In light of this evidence—and the fact that Franklin Credit is a servicer of debt—the Court can neither discount nor determine whether Defendants regularly attempted to collect debts, or whether debt collection was the principal purpose of Defendants' businesses.

---

[7] Since Bosco Credit purchased the debt and then attempted to collect from its own account, it cannot qualify as a person who regularly attempts to collect debts owed to another. *See Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 83, (2017). If Bosco Credit is to qualify as a debt collector, debt collection must be the principal purpose of its business. *See Barbato v. Greystone All., LLC*, 916 F.3d 260, 266–67 (3d Cir. 2019).

[8] That the contract actions concerned debt collection was not a legal argument or conclusion. Rather, Mr. Metnick appeared to have personal knowledge of this fact, as he was opposing counsel in three suits that involved Bosco Credit and seven suits that involved Mr. Golab and Golab Law. *See* ECF No. 30-6 at 12–57.

Furthermore, the Court finds that there is a genuine dispute for trial with respect to whether Defendant's collection attempt violated the FDCPA. Under the FDPCA, a debt collector is prohibited from using "any false, deceptive, or misleading representation or means" or "unfair or unconscionable means" in the context of a debt collection. 15 U.S.C. § 1692e–f. Pursuit of a legal action to collect a time-barred debt violates these prohibitions. *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 32–33 (3d Cir. 2011). In general, a debt collector may be held liable under the FDCPA "without proof of an intentional violation," as the statute imposes a regime of "strict liability." *Glover v. F.D.I.C.*, 698 F.3d 139, 149 (3d Cir. 2012) (citations omitted). However, strict liability can be avoided "if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error," 15 U.S.C. § 1692k. Although Defendants pursued a legal action to collect a debt that was ultimately found to be time-barred, Defendants now assert the affirmative defense that any violation resulted from a bona fide error. *See* ECF No. 14 at 24 ¶ 14.

On the present record, a question exists as to whether Defendants are entitled to an affirmative defense. On the one hand, Mr. Golab conceded that pre-2014 payments were time-barred and then failed to submit an appellate brief after Judge Gardner decided in favor of Plaintiff.[9] This evidence suggests that Defendants may have been aware that the debt collection was time-barred. On the other hand, the evidence suggests that Defendants pursued the legal action

---

[9] Defendants contend that Mr. Golab's concession from oral argument is inadmissible because it was not made under oath and did not respond to a request for admission. Def. Opp. at 17–18. However, the Third Circuit has relied on an attorney concession from oral argument in the context of a motion for judgment on the pleadings. *See Brownstein v. Lindsay*, 812 F. App'x 75, 77 (3d Cir. 2020). The standard for judgment on the pleadings "largely mirrors" the standard for summary judgment, "the difference being that district courts evaluate Rule 50(a) motions in light of the trial record rather than the discovery record." *Dupree v. Younger*, 598 U.S. 729, 731–32 (2023) (citations omitted).

on a reasonable basis and without unlawful intention. For example, Mr. Golab repeatedly argued that Plaintiff had waived the statute of limitations defense and applied the incorrect statute. According to Mr. Golab, the correct limitations period was supplied by N.J.S.A. § 12A:3–118(a), which was not triggered until the optional acceleration clause was exercised in 2020. In support of this argument, Mr. Golab cited authority that held that the cause of action on an installment contract did not accrue until the optional acceleration clause was exercised. *See Fleet*, 861 A.2d at 548; *but see also Cadle*, 716 A.2d at 966.[10] But even if the cause of action accrued with each installment, Defendants did not necessarily seek to collect every payment. Indeed, neither the complaint nor the application for a final judgment of default explained how the $163,831.15 and $8,878 figures aligned with the debt obligations, and Plaintiff repeatedly questioned the source of these figures. In light of this fact—and the competing evidence—the Court can neither discount nor determine whether Defendants are entitled to an affirmative defense.[11]

Accordingly, Plaintiff's motion for summary judgment is **DENIED** as to Count One.

V.     **CONCLUSION**

For the reasons stated above, Plaintiff's motion for summary judgment is **DENIED** and Defendants' motion for summary judgment is **GRANTED IN PART** and **DENIED IN PART**.

Accordingly, **IT IS** on this 28th day of February, 2024:

---

[10] This argument does not sit at ease with the "installment contract method," which "provides that claims based on installment contracts or other divisible, installment-type payment requirements accrue with each subsequent installment." *In re Estate of Balk*, 138 A.3d 572, 576 (N.J. Super. Ct. App. Div. 2016) (citations omitted). However, the installment contract method may only be applicable "when no acceleration clause is present." *Metromedia Co. v. Hartz Mountain Associates*, 655 A.2d 1379, 1381 (N.J. 1995); *see also Izzo v. Izzo*, 2008 WL 482406, at *5 (N.J. Super. Ct. App. Div. Feb. 20, 2008).

[11] *See Pepe v. Cavalry SPV I, LLC*, No. 15-08634, 2016 WL 3027335, at *3 (D.N.J. May 26, 2016) (denying plaintiff's motion for summary judgment due to "the possibility of a bona fide error defense" for defendant).

**ORDERED** that Plaintiff's motion for summary judgment (ECF No. 30) is **DENIED**; and it is further

**ORDERED** that Defendants' motion for summary judgment (ECF No. 31) is **DENIED** as to Count One; and it is further

**ORDERED** that Defendants' motion for summary judgment (ECF No. 31) is **GRANTED** as to Counts Two, Three, Four, and Five.

**SO ORDERED.**

*s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**